CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 26 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARAZZ K. MORAN, ) | Civil Action No. 7:09-cv-00187 |
|     Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ROANOKE CITY POLICE ) | |
|     DEPARTMENT, <u>et al.</u>, ) | By: Hon. James C. Turk |
|     Defendants. ) | Senior United States District Judge |

Charazz K. Moran, a federal prisoner proceeding <u>pro se</u>, filed a civil rights complaint, pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the Roanoke City Police Department, Police Officer Austin Whitmore, and Three Unknown Police Officers as defendants. This matter is presently before the court for screening, pursuant to 28 U.S.C. § 1915A(b)(1). After reviewing plaintiff's submissions, the court dismisses the complaint as frivolous because it was not timely filed.

I.

Plaintiff alleges the following facts involving a traffic stop that occurred on May 14, 2006, at approximately 2:30 a.m. (Compl. ¶ 7.) Plaintiff was driving home from a party and made eye contact with Officer Whitmore while they drove past each other on a public roadway. Whitmore quickly turned his police car around, sped up behind plaintiff, and activated his police lights. Plaintiff pulled his car over to the side of the road and complied with Whitmore's request for a driver's license and registration. Whitmore reviewed plaintiff's driver license number and registration, and both documents were valid. Whitmore returned plaintiff's documents and stated that he pulled plaintiff over because plaintiff's license plate was missing a bolt. (<u>Id.</u> ¶ 10.)

When plaintiff began to pull away from the scene, "Whitmore ordered [p]laintiff Moran

to put the car in park and exit the vehicle[] so [Whitmore] could search it." (Id. ¶ 11.) Whitmore saw a substance in the back of the car that appeared to be cocaine. However, a field test indicated it was not cocaine. (Id. ¶ 11.) Three other police officers appeared at the scene, and Whitmore searched plaintiff, plaintiff's passenger, and plaintiff's car. The three unknown police officers constantly asked plaintiff and his passenger if they had any drugs and ordered them to empty their pockets and remove their shoes and socks. (Id. ¶ 12.) Officer Whitmore and one of the other officers also searched the car's cabin, trunk, and engine compartment. Officer Whitmore found a firearm inside the car, but plaintiff and passenger disavowed any knowledge of the weapon. (Id. ¶ 13.) Whitmore wrote plaintiff a citation for possession of a firearm, and he threatened to arrest plaintiff if he saw him driving again that morning. (Compl. ¶ 14.) The Commonwealth Attorney for Roanoke City later nolle prossed the possession of a concealed weapon charge.[1]

Plaintiff argues that Whitmore racially profiled him, did not have probable cause to stop him, and falsely arrested him by not permitting him to leave the scene after receiving a warning for the missing bolt. (Id. ¶¶ 17-20.) Plaintiff also argues that Whitmore and the unknown officers unlawfully searched his person and property after the substance tested negative as cocaine. (Id. ¶ 22.) Plaintiff asks for all appropriate relief at law and equity, including compensatory and punitive damages, and he requests permission to proceed in forma pauperis. (Id. ¶ 23.) See 28 U.S.C. § 1915.

---

[1]Plaintiff does not state when the charge was nolle prossed, but a review of Roanoke City General District Court records indicates that the firearm charge was finalized by nolle prosequi in June 2006. Roanoke City General District Court, Case No. GC06004333-00 (Inactive Traffic/Criminal) at Virginia Courts Case Information, http://epwsgdp1.courts.state.va.us/gdcourts.

2

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

The Reconstruction Civil Rights Acts, which include 42 U.S.C. §§ 1981, 1983, 1985, and 1986, do not specifically provide a statute of limitations during which time claims may be brought. McCausland v. Mason County Bd. Of Educ., 649 F.2d 278, 279 (4th Cir. 1981). However, civil rights violations are considered analogous to personal injury claims for purposes of a statute of limitations, which is governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. See Hardin v. Straub, 490 U.S. 536, 539 (1989); Wilson v. Garcia, 471 U.S. 261, 269 (1985) (superceded in part by 28 U.S.C. § 1658); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983). See Va. Code. Ann. §§ 8.01-229, 8.01-243 (statute of limitations and its tolling). Plaintiff's alleged constitutional

3

violations took place in Virginia. Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(A); Almond v. Kent, 459 F.2d 200, 203-04 (4th Cir. 1972). Under these principles, a plaintiff bringing a federal civil rights action must do so within two years from its accrual when the cause of action arose in Virginia.

The time when a plaintiff's cause of action accrues is governed by federal law. Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983). A cause of action under federal law accrues when a plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. See Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996); United States v. Kubrick, 444 U.S. 111, 122-24 (1979). An inmate's action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); Lewis v. Richmond City Police Dep't., 947 F.2d 733, 735 (4th Cir. 1991). Therefore, an inmate's federal civil rights action is barred by the Virginia statute of limitations if an inmate has not delivered his complaint to prison officials for mailing within the two year period following the time when he knew or had reason to know of his alleged injury that occurred within Virginia. Va. Code. Ann. § 8.01-229(K).

Based on plaintiff's allegations, plaintiff knew sufficient facts on the morning of the traffic stop about any alleged harm done to him that reasonable inquiry after the traffic stop would have revealed his cause of action. Plaintiff does not allege that any fact necessary to pursue this action was hidden from him, and the court is persuaded that all the facts giving rise to this complaint occurred during the May 2006 traffic stop. However, plaintiff signed his complaint on May 12, 2009. Assuming that day is the earliest plaintiff handed his complaint to prison officials for mailing, plaintiff did not file suit within the applicable two-year statute of

4

limitation.

Moreover, Virginia's tolling provisions do not make the complaint timely filed. See Va. Code. Ann. § 8.01-229. Virginia law provides that "if a criminal prosecution aris[es] out of the same facts . . ., the time such prosecution is pending shall not be computed as part of the period within which such a civil action may be brought" Va. Code. Ann. § 8.01-229(K). Plaintiff admits that the related criminal prosecution was nolle prossed, and state court records reveal that the charge was finalized in June 2006. Even tolling the month that criminal proceedings were pending, plaintiff still filed the complaint beyond the two-year statute of limitations. Accordingly, the court dismisses the complaint as frivolous because it is barred by the statute of limitations. See Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983) (affirming district court's dismissal of claims as frivolous when claims were time-barred by the statute of limitations). See also Brooks v. City of Winston-Salem, North Carolina, 85 F.3d 178, 181 (4th Cir. 1996) (stating sua sponte dismissal is proper when the face of the complaint clearly reveals the existence of a meritorious affirmative defense).

III.

For the foregoing reasons, the court dismisses the complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1), because it is barred by the statute of limitations, denies his motion to proceed in forma pauperis as moot, and strikes the case from the active docket.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 26th day of August, 2009.

*[signature]*
Senior United States District Judge